IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ASIA SHABAZZ                                              PLAINTIFF

v.                          No. 4:24-cv-879-DPM

CLARSHUN BEUAH;  MAURICE
CRAWFORD;  JAY PAUL COLEMAN,
Lawyer for Little Rock;  LITTLE ROCK
POLICE DEPARTMENT, Police
Department;  DOES, Circuit Court, Public
Servants, Prosecuting Attorney's Office,
Prosecutors;  USA, Government Public
Servants;  CASEY R. TUCKER,  Judge, 2nd
Division Circuit;  MELANIE MARTIN,
Judge, District Court;  DEPARTMENT OF
HUMAN SERVICES, Social Workers,
Food Snap Division;  PRICE, Doctor,
Centers for Youth & Families;  LINNIE
GEORGE;  NYA HAMILTON;  BATEY,
Probation Officer;  and KIAVNNA
JONES, Little Rock Housing Authority
Metro                                                      DEFENDANTS

ORDER

1.     Shabazz's application to proceed *in forma pauperis* is granted
for good cause.

2.     Shabazz's motion to correct the spelling of Clarshun Beyah's
name is granted.  So is her motion to correct the spelling of K'iavnna
Jones's name.  The Court directs the Clerk to update the docket sheet.

3.     The Court must screen Shabazz's complaint. 28 U.S.C. § 1915(e)(2).  The Court has also reviewed her recent notice, *Doc. 6*, which contains information about other individuals (Circuit Judge Shawn Johnson, Mansur Shabazz, and Betty, the grandmother of Shabazz's husband) who are not named defendants.  The Court regrets its delay in screening her complaint.  Her motion for a ruling is granted.

In May 2024, the Pulaski County Circuit Court found Shabazz's husband, Malik Shabazz, mentally incapacitated.    It appointed Mr. Shabazz's parents temporary (and later permanent) guardians of his person. *In re Guardianship of Malik-Abdullah Shabazz*, 60PR-23-2516 (Pulaski County).  A divorce proceeding between Mr. and Mrs. Shabazz is also pending. *Shabazz v. Shabazz*, 60DR-24-657 (Pulaski County).

Mrs. Shabazz has sued many individuals here, including her mother-in-law, Clarshun Beyah.  She alleges that these individuals unlawfully interfered with her marriage in violation of her First and Fourteenth Amendment rights. *Doc. 2.*  She also brings claims under HIPPA, the ADA, and state tort law.  Shabazz seeks $3.5 million in damages.

Shabazz's complaint, exhibits, and notice are voluminous, but her allegations are conclusory and fail to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  She has not explained why she's suing K'iavnna Jones, Probation Officer Batey, Judge Martin, or the Doe

defendants.    Those defendants are therefore dismissed without prejudice.  Her remaining claims fail as a matter of law.

- Shabazz hasn't alleged a conspiracy between the private actors — Beyah, Crawford, Coleman, Price, George, and Hamilton — and any state officials.  Her § 1983 claims against these individuals therefore fail.  *Dossett v. First State Bank*, 399 F.3d 940, 951 (8th Cir. 2005).

- The Little Rock Police Department is not an entity that can be sued under § 1983. *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992).

- Judge Tucker is immune from suit for actions taken in her judicial capacity and within her jurisdiction. *Justice Network Inc. v. Craighead County*, 931 F.3d 753, 759-62 (8th Cir. 2019). She acted within her judicial capacity when she appointed Mr. Shabazz's parents as his guardians. *See* ARK. CODE ANN. § 28-65-214.  And she acted within her jurisdiction when she did so. *Baptist Health Medical Center v. First Community Bank of Batesville*, 2017 Ark. App. 671, at 4-5, 537 S.W.3d 760, 763. To the extent Shabazz presses claims against Judge Martin based on her various orders of protection, *State v. Shabazz*, LRCR-24-932 (Little Rock District Court), Judge Martin is also immune for the same reasons.  *See* ARK. CODE ANN. §§ 9-15-206 & 207 (judicial capacity); *Borland v. Borland*, 2021 Ark. App. 448, at 3-4, 638 S.W.3d 308, 311-12 (jurisdiction).

- Shabazz's claims against the United States are barred by Eleventh Amendment sovereign immunity.  *Department of Agriculture Rural Development Rural Housing Service v. Kirtz*, 601 U.S. 42, 48 (2024).

- Neither the guardianship case nor the divorce case may be addressed in federal court.  *Kahn v. Kahn*, 21 F.3d 859, 861

(8th Cir. 1994).  Those are matters within the state court's jurisdiction.

- HIPPA does not create a private right of action.  *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010).

- Shabazz's ADA claims fail because she has not explained how that statute applies to her situation.  *Gorman v. Bartch*, 152 F.3d 907, 911 (8th Cir. 1998).  And she lacks standing to bring an ADA claim on her husband's behalf because she has not alleged an injury that is "causally related to the denial of [his] federally required services . . .."  *Durand v. Fairview Health Services*, 902 F.3d 836, 843-44 (8th Cir. 2018).

In the absence of any federal question, the Court declines to exercise supplemental jurisdiction over Shabazz's state law claims. 28 U.S.C. § 1367(c)(3);  *McManemy v. Tierney*, 970 F.3d 1034, 1040-41 (8th Cir. 2020).

*

Motions, *Docs. 1, 3, 4, & 5*, granted.  Shabazz's complaint will be dismissed without prejudice for the reasons specified.

So Ordered.

*W.B. Marshall Jr.*

D.P. Marshall Jr.
United States District Judge

14 January 2025