IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ASIA SHABAZZ                                                                    PLAINTIFF

v.                             No. 4:24-cv-879-DPM

CLARSHUN BEYAH; MAURICE
CRAWFORD; JAY PAUL COLEMAN,
Lawyer for Little Rock; LITTLE ROCK
POLICE DEPARTMENT, Police
Department; DOES, Circuit Court, Public
Servants, Prosecuting Attorney's Office,
Prosecutors; USA, Government Public
Servants; CASEY R. TUCKER, Judge, 2nd
Division Circuit; MELANIE MARTIN,
Judge, District Court; DEPARTMENT OF
HUMAN SERVICES, Social Workers,
Food Snap Division; PRICE, Doctor,
Centers for Youth & Families; LINNIE
GEORGE; NYA HAMILTON; BATEY,
Probation Officer; and K'IAVNNA
JONES, Little Rock Housing Authority
Metro                                                                          DEFENDANTS

ORDER

The Court construes Shabazz's motion to "appeal and reopen" her case as a motion for relief under Federal Rule of Civil Procedure 60(b). That motion is denied.

*First*, dismissal was not premature. The Court was required to screen Shabazz's complaint before serving it. 28 U.S.C. § 1915A(a).

It did so. *Doc. 7.* Her claims failed for the reasons specified. Dismissal was therefore mandatory. 28 U.S.C. § 1915(e)(2).

*Second*, the Court did not disregard Shabazz's statement in her January 2025 notice that she planned to write more, *Doc. 6 at 14.* The Court reviewed that notice. *Doc. 7 at 2.* It was a bit hard to follow; and it contained information about various individuals who were not named defendants. *Ibid.* The Court did not interpret the notice as a request to amend her October 2024 complaint, *Doc. 1*, which was 102 pages long, including attachments. In any event, while the Court understood Shabazz's plan to write more, she also had requested action on her complaint. *Doc. 3.* And the Court was overdue in screening her many claims, which had to happen before the case could go forward.

*Third*, and as requested, the Court directed the Clerk to update the spelling of Clarshun Beyah's and K'iavnna Jones's names on the docket. *Doc. 7 at 1.* The Clerk did so. This Court's Orders (including this one) will now reflect those spelling changes.

*Last*, my impartiality could not reasonably be questioned. 28 U.S.C. § 455(a). The Court understands Shabazz's disappointment with my decision to dismiss her case. But an adverse ruling, without more, does not warrant recusal. *Dossett v. First State Bank*, 399 F.3d 940, 953 (8th Cir. 2005). Shabazz has the right to appeal my decision to the United States Court of Appeals for the Eighth Circuit within the time allowed by law.

-3-

\*   \*   \*

The Court sees no sufficient reason to revisit its 14 January 2025 Order and Judgment. Fed. R. Civ. P. 60(b). Shabazz's motion, *Doc. 9*, is therefore denied.

So Ordered.

*/s/ W.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

5 February 2025